**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**TRACY LEE BOYD**                                                            **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:06cv253KS-MTP**

**GEORGIA-PACIFIC CORPORATION**                                  **DEFENDANT**

**BRIDGEFIELD CASUALTY INSURANCE COMPANY**            **INTERVENOR**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#28]** filed on

behalf of the defendant. The court, having reviewed the motion, the responses of the

plaintiff and the intervenor, the pleadings and exhibits on file, the briefs of counsel, the

authorities cited, and being fully advised in the premises, finds that the motion should

be granted.  The court specifically finds as follows:

## FACTUAL BACKGROUND

On or about July 19, 2006, the plaintiff, Tracy Lee Boyd ("Boyd"), initiated this

premises liability/negligence action against Georgia-Pacific Corporation ("GP") in the

Circuit Court of Smith County, Mississippi.  On November 13, 2006, GP removed this

cause to this court asserting that this court has original jurisdiction of this civil action via

complete diversity of the parties under 28 U.S.C §1332(a)(1).  As such, Mississippi law

is controlling.  *Erie R. Co. V. Tompkins*, 304 U.S. 64, 78-80 (1934); *Huss v. Gayden*,

465 F.3d 201, 205-06 (5th Cir. 2006).

In his Complaint, Boyd alleges that GP was negligent in failing to maintain its premises in a reasonably safe condition and by failing to warn Boyd of dangers existing on the premises and that GP's negligence was the direct and proximate cause of his injuries and resulting damages.  On July 19, 2003, the date of the accident, the plaintiff was a painter/employee of independent contractor Graves Services.  He had more than twenty-five years of  experience in the painting and sandblasting field.

On the date in question, the plaintiff was on the premises of the GP facility in Taylorsville, Mississippi, to pressure wash, sandblast and paint an elevated loading rack pursuant to a purchase order/contract between GP and Graves Services.  After pressure washing the loading rack, the plaintiff began drying the upper level of the rack with an air hose.  While drying the loading rack, Boyd walked backwards through an open access gate and fell approximately thirteen feet to the ground below resulting in his alleged injuries.  Boyd had been working on the loading rack for approximately five hours at the time of the accident and has admitted that he was aware of the access gate but lost direction while he was backing up.

Immediately upon arrival at the GP facility on the date of the accident, Boyd and other Graves Services employees had attended a safety orientation meeting which included viewing a safety video and taking a written test of understanding.  Boyd's entire working career at the time of the incident in question was in the pressure washing, sandblasting and painting industry, and he is still employed in that line of work.  Boyd has also testified by deposition that, on the date of the accident, he had a number of years of experience working in elevated locations including areas such as the loading rack in question.  The plaintiff was acting within the course and scope of his

2

employer's business at all times relevant to this action.

      The plaintiff contends that Georgia Pacific, as the owner of the premises, owed Tracy Boyd a duty to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of any dangerous conditions and that GP failed to do so.  The defendant contends that it had relinquished all right of control over the job site and over the performance of the specific aspect of the work which caused the plaintiff's injuries to Graves Services, an independent contractor who employed the plaintiff.  As such, GP contends that it has no liability for the alleged injuries of the plaintiff under existing Mississippi premises liability law.  Alternatively, GP argues that even if it had a duty to warn of a dangerous condition (i.e., the gate), the plaintiff has testified that he had actual knowledge of the gate and had worked around it for over five hours prior to his fall.

## **STANDARD OF REVIEW**

      The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his

motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalia*n, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the]

5

court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

The court considers the law in this area well settled, and there is no dispute by the parties.  The parties differ over the application of the law to the facts of this case.   It is, however, well settled that

> [u]nder Mississippi law, the duty owed by a premises owner or occupier to a business invitee. . . is that duty to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition.  The owner/occupier is not an insurer of the invitee's safety, and he is not liable for injuries which are not dangerous or which are, or should be known to the business invitee. *Jackson Ready Mix Concrete v. Sexton*, 235 So.2d 267, 270 (Miss. 1970).

*Jones v. James Reeves Contractor, Inc.*, 701 So.2d  774, 782 (Miss. 1997).  Further, "the owner or occupier is under no duty to protect them (contractors) against risk arising from or intimately connected with defects of the premises, or of machinery or appliances located thereon, which the contractor has undertaken to repair." *Id.*, (quoting *Jackson Ready Mix*, 235 So.2d  at 271).

> The critical factor in determining if the occupier is absolved of liability is whether it maintains any right of control over the performance of that aspect of work which gave rise to the injury.

*Id.*, (quoting *Magee v. Transcontinental Gas Pipeline Corp.*, 551 So.2d  182, 186 (Miss. 1989)).

6

The Fifth Circuit has explained the principle of knowledge of a danger by the
independent contractor and the owner's liability for injury of the contractor's employees
and held that "dangerous conditions of which contractors had actual or constructive
knowledge were deemed open and obvious to them and therefore could not provide a
basis for recovery." *Stokes v. Emerson Electric Co.*, 217 F. 3d 353, 357 (5th Cir. 2000),
(citing *Hill v. International Paper Co.*, 121 F. 3d 168, 176 (5th Cir. 1997)).  The Fifth
Circuit went on to hold in *Stokes* that "the Mississippi Supreme Court brought the open
and obvious bar back into Mississippi law through the back door in cases dealing with
independent contractors." *Id.*  This analysis was based on the language from *Jones*
previously quoted by which the Fifth Circuit determined that the "knowledge of danger"
exception survived *Tharpe v. Bungee Corp.*, 641 So.2d  20 (Miss. 1994).  Citing *City of
Jackson v. Ball,* 562 So.2d 1267 (Miss. 1990), the *Jones* Court held "no warning need
be given to employees of a contractor so long as the contractor knows of the danger."
701 So.2d 783.

In order for the plaintiff to succeed on his claims, he must demonstrate either
that GP contractually maintained a right of control over the performance of that aspect
of the work that gave rise to Boyd's injuries, or else it must have exercised such control
so as to have established a *de facto* control over that aspect of the work.  Even though
the plaintiff argues that GP contractually maintained control over the work site, the
argument is without merit.  As this court has previously held,

> almost every business owner exercises some type of control over its
> premises; however, simply because a business owner exercises control
> over certain aspects of its surroundings does not automatically lead to the
> conclusion that an independent contractor does not have unfettered

> control over that portion of work it has been assigned to perform.  It is
> entirely possible for a business owner to control its premises, and at the
> same time, for an independent contractor to have unfettered control over
> the work it is performing on that premises.

*Lambert v. Georgia Pacific Corp.*, 32 F. Supp. 2d 914, 917 (S.D. Miss. 1999).

There is no evidence before the court that GP contractually maintained control over the work site or the work to be performed so as to create liability on the part of GP. Thus, since there is no contractual control over the work site by GP, in order for the plaintiff to prevail, he must show that GP "maintained substantial *de facto* control over those features of the work out of which the injury arose." *Lee v. E. I. Dupont Day Nemours and Co.*, 230 F. 3d 822, 824 (5th Cir. 2000)(quoting *Magee v. Transcontinental Gas Pipeline Corp.*, 551 So.2d at 186).

In this case, there is absolutely no evidence whatsoever that GP exercised or retained any control over Boyd or Graves Services in pressure washing, drying and painting the loading rack.  GP did not provide any instructions or direction to Boyd on how to perform the task for which his employer was hired.  The plaintiff's failure to provide any proof that GP maintained control over the work site or the work to be performed is fatal to the plaintiff's case.

Additionally, to the extent that the plaintiff contends that GP had a duty to warn of the alleged dangerous condition of the gate, he is also foreclosed from proceeding on his claim.  The plaintiff has not shown any genuine issue of material fact in dispute regarding his knowledge of the gate and his proximity to it while he was working.  Boyd has testified extensively about his many years of experience performing the very job at which he was injured.  He has also testified as to his extensive experience working in

8

elevated locations and demonstrated that he was keenly aware of the dangerousness posed by the site and its attendant surroundings.  He knew the gate was there but stepped through it while waking backwards, unaware of his location because his attention "was focused on the floor."  There is simply no evidence before the court which would create a jury issue that GP caused or contributed to the plaintiff's injuries.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment **[#28]** is granted and the plaintiff's Complaint is dismissed with prejudice and that all other motions are denied as moot.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 27th day of November, 2007.

_____
*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE